UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-----------------------------------x
MICHAEL JOSEPH,                    :
                                   :
          Plaintiff,               :
                                   :
v.                                 :   Civil No. 14cv424 (AWT)
                                   :
UNITED TECHNOLOGIES CORPORATION,   :
SIKORSKY AIRCRAFT CORPORATION, and :
PRATT & WHITNEY,                   :
                                   :
          Defendants.              :
                                   :
-----------------------------------x
```

**RULING ON MOTION TO DISMISS**

Defendant Pratt & Whitney moves to dismiss Count Three of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  Count Three alleges a common law claim of intentional infliction of emotional distress.  For the reasons set forth below, the motion is being granted.

**I.   Factual Allegations**

"The [amended] complaint, which [the court] must accept as true for purposes of testing its sufficiency, alleges the following circumstances" concerning Pratt & Whitney and UTC. Monsky v. Moraghan, 127 F.3d 243, 244 (2d Cir. 1997).

The plaintiff was hired by defendant Sikorsky Aircraft Corporation ("Sikorsky") in 2000.  In or around 2009 Sikorsky

---

[1] Based on footnote 1 of the memorandum in support of the motion to dismiss (see Doc. No. 20-1, at 1), the court construes the motion as being brought by defendants Pratt & Whitney and United Technologies Corporation ("UTC").

began a process of harassment and interference that created a
hostile work environment for the plaintiff in part because of
his race and age.  At the plaintiff's request, on March 1, 2012,
he transferred to Pratt & Whitney, but the harassment and
interference continued.  The plaintiff wrote a letter to UTC to
seek relief, but no action was taken and the harassment and
interference intensified.

While at Pratt & Whitney, the plaintiff experienced the
following harassment and interference:

- the process of setting up his new computer, which usually
  would be completed within 10 business days of a new
  hire's start date, had taken over three months;

- a keyboard setup of a program that the plaintiff had used
  to create circuit design was remotely modified;

- the plaintiff was denied access to the F-135 resources
  and his manager, Michael Sabatella ("Sabatella"), had
  insinuated that the plaintiff was denied access because
  IT did not trust him;

- the plaintiff's design was remotely modified, resulting
  in an erroneous software build;

- the plaintiff's email program was remotely modified,
  denying him access to email for over a month;

- the plaintiff's computer crashed and none of the

information on his hard drive was able to be recovered;

- Sabatella insinuated that the plaintiff was a thief; and

- the plaintiff's work product was routinely and covertly modified in an effort to make the completion of his assigned task impossible.

The plaintiff complained to supervisors about the harassment and interference, but he continued to experience them until his termination from Pratt & Whitney.  In or around September 2012, the plaintiff began to experience severe migraines, which eventually led to a partial impairment in his right eye.  On August 15, 2013, the plaintiff was terminated from his employment.[2]

## II.  Legal Standard

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly,

---

[2] The Amended Complaint alleges that the plaintiff was terminated on August 15, 2012 (see Amended Complaint, Doc. No. 8, ¶ 50), but the court takes this to be a scrivener's error.

550 U.S. 550, 555 (2007) (citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 557 (internal quotation marks omitted)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 570. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" <u>Mytych v. May Dep't Store Co.</u>, 34 F. Supp. 2d 130, 131 (D. Conn. 1999) (quoting <u>Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc.</u>, 748 F.2d 774, 779 (2d Cir. 1984)). "The issue [on a motion to dismiss] is not whether [the] plaintiff will prevail, but whether he is entitled to offer evidence to support his claims." <u>United States v. Yale New Haven Hosp.</u>, 727 F. Supp. 784, 786 (D. Conn. 1990)(citing <u>Scheuer</u>, 416 U.S. at 232).

## III. Discussion

To state a claim for intentional infliction of emotional distress, the plaintiff must allege: "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." Appleton v. Bd. of Ed. of Town of Stonington, 254 Conn. 205, 210 (2000) (quoting Petyan v. Ellis, 200 Conn. 243, 253 (1986)).  Liability for intentional infliction of emotion distress

> has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. . . .  Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress.

Carrol v. Allstate Ins. Co., 262 Conn. 433, 443 (2003) (internal citations and quotation marks omitted).  "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. Only where reasonable minds disagree does it become an issue for the jury." Appleton, 254 Conn. at 210.

The plaintiff has not alleged facts that could establish extreme and outrageous conduct by either Pratt & Whitney or UTC. To the extent that the plaintiff is alleging that the harassment and interference was due, in part, to his race and age, such allegations do not establish extreme and outrageous conduct because "[i]n the employment context, it is the employer's conduct, not the motive behind the conduct, that must be extreme or outrageous." Miner v. Town of Cheshire, 126 F. Supp. 2d 184, 195 (D. Conn. 2000).

Nor do the other allegations satisfy the requirements for extreme and outrageous conduct. See Jamilik v. Yale Univ., No. 3:06cv0566 (PCD), 2007 WL 214607, at *4 (D. Conn. Jan. 25, 2007) (holding that requirements for extreme and outrageous conduct were not satisfied by allegations of defendant-employer implementing demeaning and intrusive ways of interfering with plaintiff's ability to do her job); Tracey v. New Milford Pub. Sch., 101 Conn. App. 560, 567-70 (2007) (holding that requirements for extreme and outrageous conduct were not satisfied by allegations of a pattern of harassment, intimidation, and defamation in the workplace). Even construing the allegations in a light most favorable to the plaintiff as stating that the alleged harassment and interference went on over the course of multiple years does not make the alleged conduct extreme and outrageous. See Williams v. Perry, 960 F.

Supp. 534, 541 (D. Conn. 1996) (alleged harassment spanning seven years was not extreme and outrageous).

**IV.   Conclusion**

Accordingly, Defendant Pratt & Whitney's, a Division of United Technologies, Motion to Dismiss (Doc. No. 20) is hereby GRANTED.   Count Three of the Amended Complaint is dismissed as to Pratt & Whitney and United Technologies Corporation.

It is so ordered.

Signed this 26th day of February 2015 at Hartford, Connecticut.

_____/s/_____
Alvin W. Thompson
United States District Judge
