```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
MICHAEL JOSEPH                :
                              :   Civ. No. 3:14CV00424(AWT)
v.                            :
                              :
SIKORSKY AIRCRAFT CORP. and   :   September 9, 2015
UNITED TECHNOLOGIES CORP.,    :
PRATT & WHITNEY DIVISION      :
                              :
------------------------------x
```

## RULING ON PLAINTIFF'S MOTION TO COMPEL [DOC. #68]

Pending is plaintiff's Motion to Compel Requests for Production from defendants Sikorsky Aircraft Corporation ("Sikorsky") and United Technologies Corporation, Pratt & Whitney Division ("Pratt & Whitney"). The motion seeks an order compelling Sikorsky to respond to Requests for Production numbers 1-5, and compelling Pratt & Whitney to respond to Requests for Production numbers 2-4.[1] Oral argument was held on September 1, 2015. For the reasons that follow, plaintiff's Motion to Compel [Doc. #68] is **DENIED**.

### PROCEDURAL HISTORY

This case was filed by the plaintiff on April 3, 2014. [Doc. #1] The parties filed a Rule 26(f) Report of Parties' Planning Meeting on June 25, 2014. [Doc. #22] The Report

---

[1] The parties represented at oral argument that they had resolved the disputes relating to Requests 5 and 6 directed to Pratt & Whitney and Requests 6 and 7 directed to Sikorsky.

1

requested that the Court set a deadline for the close of all discovery in this matter for October 15, 2015. The Court, however, noting that the parties had not provided any explanation for setting the discovery deadline so far out in what appears to be a relatively straightforward employment discrimination case, set the discovery deadline for June 15, 2015, almost exactly one year after the filing of the 26(f) Report. [Doc. #30]

    On June 9, 2015, just six days before the discovery period was to expire, counsel for the plaintiff filed a motion seeking to extend the discovery deadline to August 15, 2015. [Doc. #59] At the same time, the plaintiff filed a motion to compel the conduct of depositions and the provision of responses to certain interrogatories. [Doc. #60] The defendants objected to these motions. Plaintiff's counsel sought to compel responses to interrogatories served by the plaintiff on November 5, 2014. The defendants served objections and responses to these interrogatories on January 9, 2015; counsel for the plaintiff first contacted counsel for the defendants regarding the objections and responses on May 8, 2015. [Docs. ##61-3, 61-4] Counsel exchanged letters regarding the disputed interrogatories, and on June 6, 2015, the plaintiff filed his motion to compel.

The Court conducted a hearing on July 2, 2015, regarding the plaintiff's motions. [Doc. #81] The Court has now reviewed the official recording of the July 2, 2015, hearing.[2] The hearing addressed the two discovery issues raised by the plaintiff in his motion: (1) depositions, and (2) responses to particular interrogatories. The great majority of the discussion related to the depositions, as the parties represented at the start of the hearing that the disputes relating to the interrogatories had been resolved without the Court's intervention. [Doc. #65] Plaintiff's counsel had requested to depose employees of the defendants for the first time on February 27, 2015, more than ten months after the case was filed. [Doc. #61-1] Counsel for the plaintiff stated at the hearing that the delay in pursuing these discovery issues related to his own "availability." The Court inquired of counsel for the plaintiff whether there were any discovery issues outstanding other than those already discussed, and counsel for the plaintiff stated that there were none, and in particular, that there were no outstanding issues relating to written discovery "at all." The Court then took a brief recess.

---

[2] The transcript of this hearing has not been ordered by either of the parties, but the Court has reviewed the recording and, of course, the parties are free to order the transcript if they feel it is needed.

At the conclusion of the hearing, the Court allowed the plaintiff to take six of the eight requested depositions. The Court also reluctantly granted a continuance of discovery for thirty days to permit these depositions to go forward. The Court explained that the reason the extension was being granted was that counsel had represented that the fault for the delay was his, and not his client's, and the Court was reluctant to penalize the plaintiff for counsel's lack of action. The Court was extremely clear at the hearing that no additional extensions of the discovery deadlines would be granted. The Court stated: "Discovery is going to close on August 15, and it won't be extended." The Court explained that the parties should understand that "this can't happen again, period." When asked by counsel for the plaintiff whether he would be permitted to pursue additional discovery based on information obtained in the depositions, the Court stated that "nothing is happening after August 15th in this case[.]" Because August 15, 2015, fell on a weekend, the Court ultimately set the revised deadline for August 17, 2015.

On August 12, 2015, five days before the reset deadline, the plaintiff filed another motion to compel. [Doc. #68] This motion was referred to the undersigned. At the same time, the plaintiff filed a motion to extend the discovery deadline to September 17, 2015. [Doc. #72] The latter motion stated that the

4

extension was necessary to allow the parties to resolve discovery disputes and to accommodate the conference scheduled for September 1, 2015. In violation of Local Rule 7(b)(3), the motion did not state that the motion was the second such motion filed. D. Conn. L. Civ. R. 7(b)(3). The motion also did not inform Judge Thompson, the presiding judge, that the undersigned had clearly informed counsel at the July 2, 2015, hearing, that no further extensions of the discovery deadline would be granted. Judge Thompson granted the motion for extension of time in a docket entry. [Doc. #73]

The motion to compel filed August 12, 2015, relates to Requests for Production properly served by the plaintiff on the defendants on June 12, 2015. [Doc. #68] June 12, 2015, fell on a Friday, and the deadline for completion of all discovery in place at that time was the following Monday, June 15, 2015. However, the Requests were previously served on the defendants under the plaintiff's signature, rather than counsel's signature, on May 5, 2015. The defendants served responses and objections to the (identical) May 5 requests on June 4, 2015. [Doc. #78]

Thus, the plaintiff had received the defendants' responses and objections five days before the <u>first</u> motion to compel was filed, and **four weeks before appearing in Court for the July 2, 2015, conference**. Yet, the plaintiff waited more than two months

5

after receiving the responses, and more than a month after the hearing with the Court, until five days before the extended deadline set at the July 2, 2015, hearing, to file his motion. As noted above, at the July 2, 2015, hearing, counsel for the plaintiff stated that there were no outstanding issues relating to document discovery.

## DISCUSSION

"[T]he federal rules give district courts broad discretion to manage the manner in which discovery proceeds." In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 69 (2d Cir. 2003). The Federal Rules of Civil Procedure provide that the Court "may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). The information sought in discovery need not itself be admissible at trial, but it must be relevant, and it must appear to be "reasonably calculated to lead to the discovery of admissible evidence." Id.

Discovery in this case was set to be closed by June 15, 2015. The **only** reason it was reopened by the Court at the July 2, 2015, hearing was to permit six depositions to be conducted by the plaintiff, and to arrange for the delivery of particular documents described in the Court's order. [Doc. #67] Discovery, other than as to those very narrow issues, was closed. The Court directly and specifically inquired of both counsel whether there

6

were any other issues to be addressed, and both counsel stated that there were not. The Court was clear that the deadline for discovery would not be extended. Therefore, the Court construes Judge Thompson's order of August 19, 2015, extending the discovery deadline as extending the deadline only for those matters as to which discovery was still open, that is, the matters set forth in the Court's July 2, 2015, order. As to all other matters, discovery had closed on June 15, 2015. Therefore, the plaintiff's motion to compel actually seeks to reopen discovery into the matters addressed by the Requests for Production.

"Reopening discovery after the discovery period has closed requires a showing of good cause." Gucci Am., Inc. v. Guess?, Inc., 790 F. Supp. 2d 136, 139 (S.D.N.Y. 2011) (citing Gray v. Town of Darien, 927 F.2d 69, 74 (2d Cir. 1991)). It is undisputed that defendants served their responses to plaintiff's Requests for Production on June 4, 2015, before the original close of discovery on June 15, 2015. At oral argument on the instant motion, plaintiff was unable to provide an explanation as to why he did not seek to compel responses to defendants' Requests for Production before the close of the June discovery deadline; or in the parties' Joint Proposed Scheduling Order [Doc. #66]; or during the case management/discovery conference held on July 2, 2015, when this Court was considering the

discovery deadlines. "Where a party is aware of the existence of documents or other information before the close of discovery and propounds requests after the deadline has passed, those requests should be denied." Id. at 140 (citations omitted). Here, plaintiff waited until days before the close of the extended deadline, and months after the deadline applicable to these issues, to file this Motion to Compel. The extension of the June discovery deadline was for a limited purpose and solely to complete the identified outstanding discovery set forth in the Court's July 6, 2015 Order. [Doc. #67].

"The broad discretion afforded courts over discovery matters includes the discretion to determine whether a movant's tardiness constitutes undue delay." West v. Miller, No. 05C4977, 2006 WL 2349988, at *5 (N.D. Ill. Aug. 11, 2006) (citing Packman v. Chicago Tribune Co., 267 F.3d 628, 646-47 (7th Cir. 2001)). In West, as here, the moving party knew prior to a hearing with the Court of the opponent's objections to certain requests for production; yet, they "raised no concern with [the opposing party's] objections to this discovery." Id. The movant in West filed its motion eleven days before the close of discovery; in combination with the party's prior inaction and delays, the Court found that "undue delay" sufficient to waive the party's rights to pursue the discovery. Id. at *6; see also Ridge Chrysler Jeep L.L.C. v. Daimler Chrysler Servs. N. Am. L.L.C.,

8

No. 03CV760, 2004 WL 3021842, at *4 (N.D. Ill. Dec. 30, 2004) (finding a motion to compel filed four days before the discovery cutoff "a clear case of too little, too late"); Hyland v. Homeservices of America, No. 3:05CV612, 2012 WL 1680109, at *6 (W.D. Ky. May 14, 2012) (denying motion to compel filed "ten days before the close of discovery" where plaintiff had "failed to raise the issue during" prior conferences with the Court and "failed to file a motion to compel in a timely manner that would have allowed sufficient time for the production of the requested documents[]").

Discovery in this case has dragged on for a year or more. There is simply no reason – let alone "good cause" – for the plaintiff's delays in pursuing discovery. After many months of discovery, a motion to compel should not be served at the last minute. A number of courts have found that "motions to compel filed days before the discovery deadline were untimely." Hyland, 2012 WL 1680109, at *5 (collecting cases); see also Lillbask ex rel. Mauclaire v. Sergi, 193 F. Supp. 2d 503, 516 (D. Conn. 2002) (denying motion to compel as untimely). "In light of this history, and the Court's repeated warnings that discovery-related issues had to be raised in a timely fashion, Plaintiff's requests are denied." Colon v. City of New York, No. 12-CV-9205(JMF), 2014 WL 4100607, at *3 (S.D.N.Y. Aug, 20, 2014) (citations omitted).

The plaintiff's failure to pursue this discovery during the period set by the Court, and, in particular, the plaintiff's failure to bring any concerns to the Court's attention at the July 2, 2015, hearing, or in any manner in a timely fashion, is fatal to the motion to compel. Accordingly, the motion to compel is DENIED.

The Court notes that as to the plaintiff's Motion to Compel Requests for Production numbers 1-5 directed to Sikorsky, even if the motion had been timely brought, it would be denied. These requests seek email correspondence between the plaintiff and five other Sikorsky employees. [Doc. #68 at 4-5] Most of the requests seek emails dated in 2011, and the latest date sought is February 2012. It is undisputed that the plaintiff voluntarily left his employment at Sikorsky in March 2012. [Doc. #56, Second Amended Compl. ¶34] At that time, the plaintiff took a position at Pratt & Whitney. This case challenges the termination of plaintiff's employment during a reduction in force at Pratt & Whitney in August 2013, a full 17 months after he left Sikorsky. The plaintiff does not contend that the emails sought relate to the Pratt & Whitney reduction in force, or that Sikorsky employees had any role in the decision to include the plaintiff in the Pratt & Whitney layoffs in August 2013. He does not contend that the emails include references to discrimination based on age or race.

10

At oral argument, counsel for the plaintiff was unable to articulate a basis for these requests other than the theory that because Sikorsky and Pratt & Whitney are (or were) both divisions of United Technologies, information was likely to have been shared between the companies. However, none of the requests relate to any alleged sharing of information between Sikorsky and Pratt & Whitney. They concern solely communications between the plaintiff and other Sikorsky workers during his time at Sikorsky. As such, the information sought is not relevant, or reasonably calculated to lead to the discovery of admissible evidence. Where, as here, the plaintiff has been "dilatory in pursuing discovery" and the "information sought is of marginal (if any) relevance[,]" the Court will not further extend the discovery period and grant a motion to compel. <u>Coudert v. Janney Montgomery Scott, LLC</u>, No. 3:03CV324(MRK), 2004 WL 2381552, at *2 (D. Conn. Oct. 7, 2004).

The requests directed to Pratt & Whitney present a closer question, but the Court nonetheless finds that they, too, fail to meet even the low threshold set for discovery requests. In Requests 2-4 directed to Pratt & Whitney the plaintiff seeks emails between himself and two co-workers, and a single email containing notice to the plaintiff that his "security clearance refresher on-line course is canceled[.]" [Doc. 68 at 2-3] Again, the plaintiff has made no allegation that anything about these

11

emails relates in any way to his termination, or to his age or race. The emails sought were allegedly sent between April and October 2012, at least ten months prior to the plaintiff's termination in August 2013. The plaintiff's theory appears to be that these emails evidence a company-wide conspiracy motivated by his age and/or race to undermine his performance. "[I]n a motion to compel, in is incumbent on the moving party to provide the necessary linkage between the discovery sought and the claims brought[.]" Mays v. Town of Hempstead, No. CV 10-3998(LDW)(AKT), 2011 WL 4345164, at *2 (E.D.N.Y. Sept. 15, 2011). Here, the plaintiff has provided no such linkage; rather, the motion to compel states in conclusory fashion: "Plaintiff's document requests are reasonably calculated to lead to the discovery of admissible evidence because Plaintiff was employed by the Defendants during the requested time period and all of the requests have a direct bearing on Plaintiff's employment discrimination claims within his Complaint." [Doc. #68 at 6]

Accordingly, even if the Court were to find that the motion to compel were timely, the plaintiff has failed to show that the requests at issue are "reasonably calculated to lead to the discovery of admissible evidence" as dictated by Rule 26(b)(1).

## CONCLUSION

For the reasons set forth herein, plaintiff's Motion to Compel is **DENIED. [Doc. #68]**.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. <u>See</u> 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven this 9th day of September 2015.

                                                 /s/_____
                                           HON. SARAH A. L. MERRIAM
                                           UNITED STATES MAGISTRATE JUDGE